**Retha L. MILLER, Appellant**

**v.**

**KINDERCARE LEARNING CENTERS, INC.; Knowledge Learning Corporation.**

**No. 08–3095.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) May 14, 2009.

Opinion filed: July 29, 2009.

Ralph E. Lamar, IV, Esq., Collegeville, PA, Marc E. Weinstein, Esq., Trevose, PA, for Appellant.

Edward A. Greenberg, Esq., Paul D. Lux, Esq., Daller Greenberg & Dietrich,

Conshohocken, PA, for Kindercare Learning Centers, Inc.; Knowledge Learning Corporation.

Before: AMBRO and ROTH, Circuit Judges and FISCHER,* District Judge.

## OPINION

FISCHER, District Judge.

In this employment discrimination case, plaintiff Retha L. Miller appeals from an order of the United States District Court for the Eastern District of Pennsylvania granting summary judgment to defendants Kindercare Learning Centers, Inc., and Knowledge Learning Corporation. We will affirm.

Because we write only for the parties, we recite only those facts relevant to our disposition. Miller, an African–American woman, was hired as Center Director for the defendants' Learning Center ("the center") in Bensalem, Pennsylvania on June 20, 2005. The defendants' district manager, a Caucasian, hired Miller and also served as her direct supervisor throughout her employment.

On February 9, 2006, a child was injured at the center and taken to the hospital. The treating physician believed that the child had been choked with a rope. A police report was filed, and both defendants and the Pennsylvania Department of Public Welfare began investigating the incident.

With the investigations underway, the center opened on February 13, 2006, with only one staff member present. The defendants' policies prohibit opening a center with a sole employee because doing so may violate state regulations regarding staff-to-child ratios. *See* 55 Pa.Code § 3270.54(a)

(explaining that "[a]t least two facility persons shall be present in the facility when two or more children are in care"). The district manager discussed the seriousness of the offense with Miller and counseled her not to allow the center to again open in a similar manner. Two days later the center opened with a single employee present. Miller was suspended and, on February 21, 2006, terminated.

On August 2, 2007, Miller filed suit against defendants contending that she was discharged on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.*; and 42 U.S.C. § 1981. Defendants sought and received summary judgment on July 1, 2008. Miller timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of a district court's grant of summary judgment is plenary, and we will affirm if "there is no genuine issue of material fact and ... the moving party is entitled to judgment as a matter of law." *Lauren W. ex rel Jean W. v. DeFlaminis,* 480 F.3d 259, 265 (3d Cir. 2007) (quoting *Elliot & Frantz, Inc. v. Ingersoll–Rand Co.,* 457 F.3d 312, 318 (3d Cir.2006)).

The parties agree that the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), applies to each of Miller's causes of action. Proceeding "in three stages[,]" a *McDonnell Douglas* inquiry first requires a plaintiff to demonstrate a *prima facie* case of discrimination. *Jones v. Sch. Dist. of Phila.,* 198 F.3d 403, 410 (3d Cir.1999). If the plaintiff does so, the burden of production

* The Honorable Nora Barry Fischer, United States District Judge for the Western District of Pennsylvania, sitting by designation.

shifts, and the employer must "articulate some legitimate, nondiscriminatory reason for" its actions. *Fuentes v. Perskie,* 32 F.3d 759, 763 (3d Cir.1994) (quoting *McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. 1817). Should the employer express "a legitimate reason for the unfavorable employment decision, the burden of production rebounds to the plaintiff, who must ... show by a preponderance of the evidence that the employer's explanation is pretextual." *Id.*

Miller contends that she demonstrated both a *prima facie* case of discrimination and pretext. She argues that the District Court, therefore, erroneously analyzed the first and third stages of the *McDonnell Douglas* inquiry and thus improperly evaluated and granted the defendants' motion for summary judgment. We disagree.

Although the parties dispute whether Miller established a *prima facie* case, for purposes of this appeal we will assume that requirement's fulfillment. Nevertheless, our review of the record and Miller's arguments convince us that she failed to overcome the "difficult burden" of showing pretext. *Id.* at 765. To do so and defeat summary judgment, Miller needed to "point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Id.* at 764.

Despite Miller's claims of having satisfied both prongs of this standard, we find that she did not "demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the [defendants'] ... reasons for ... [firing her] that a reasonable factfinder could rationally" determine that those reasons were neither credible nor the motivating

factors for Miller's discharge. *Id.* at 765 (emphasis removed). Miller's evidence never cast doubt on the defendants' core assertion that they terminated her because she allowed the center to open, during the course of an investigation, with inadequate staffing on two occasions. *See Kautz v. Met–Pro Corp.,* 412 F.3d 463, 467 (3d Cir. 2005) (explaining that a demonstration of pretext "require[s] plaintiffs to present evidence contradicting the core facts put forward by the employer as the legitimate reason for its decision").

Accordingly, we will affirm the District Court's order granting summary judgment to defendants.